IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

LAYNE K. COPELAND,                                   PLAINTIFF
*on behalf of*
TRACY COLBERT-COPELAND

       v.                 CIVIL NO. 5:18-CV-5096

ANDREW M. SAUL,[1] Commissioner,
Social Security Administration                            DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Layne K. Copeland, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying Tracy Colbert-Copland's (Claimant) claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

Claimant protectively filed her current applications for DIB and SSI on November 14, 2012, and October 23, 2012, respectively, alleging an inability to work since May 15, 2010,[2]

---

[1] Andrew M. Saul, has been appointed to serve as Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

[2] At a hearing before the ALJ, Claimant amended her alleged onset date from January 1, 2002, to May 15, 2010. (Tr. 58).

1

due to the following alleged impairments: five herniated discs, cracked vertebrae, neurological damage, degenerative disc disease, ruptured discs, grand mal seizures occurring in 2009, knee issues, and high blood pressure. (Tr. 151-152, 167). For DIB purposes, Claimant maintained insured status through June 30, 2010. (Tr. 58). An administrative hearing was held on January 22, 2014, where Claimant appeared with counsel and testified. (Tr. 97-119). Sara Moore, Vocational Expert (VE), also appeared and testified. (Tr. 116-119). The ALJ issued a written opinion on April 24, 2014, where he found that Claimant had not been under a disability, as defined in the Social Security Act, from May 15, 2010, through the date of the decision. (Tr. 38). Claimant subsequently appealed the decision to the Appeals Council, who remanded the case back to the ALJ on September 9, 2015. (Tr. 204-207). A second administrative hearing was held on August 25, 2016, and Claimant and a vocational expert testified. (Tr. 82-93).

By written decision dated August 7, 2017, the ALJ found that during the relevant time period, Claimant had the following severe impairments: obesity; bilateral knee arthritis resulting in total replacement of both knees; degenerative disc disease; hypertension; personality disorder; affective disorder; and seizure disorder. (Tr. 58). However, after reviewing all of the evidence presented, the ALJ determined that Claimant's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 58). The ALJ found that Claimant retained the residual functional capacity (RFC) to perform sedentary work as defined in 20 CFR §§ 404.1567(a) and 416.967(a), except for the following: she could frequently finger, handle, and reach bilaterally; she could not use ropes, ladders, or scaffolds; she could not crawl; she could occasionally use stairs and ramps, balance, stoop, kneel, and crouch; she could not tolerate temperature extremes and unprotected heights; she could occasionally tolerate moving

2

machinery, humidity, pulmonary irritants, vibrations, and moderate noise, such as that found in an office setting; she could perform simple, routine, repetitive tasks in a setting where interpersonal contact was incidental to the work performed; and she could respond to supervision that was simple, direct, and concrete. (Tr. 61). With the help of a vocational expert (VE), the ALJ determined that although Claimant was unable to perform her past relevant work, there were other jobs that existed in significant numbers in the national economy that Claimant could perform, such as a document preparation clerk, a compact assembler, and a nut sorter. (Tr. 70). The ALJ concluded that the Claimant had not been under a disability, as defined in the Social Security Act, from May 15, 2010, through the date of the decision. (Tr. 70).

Claimant then requested a review of the hearing decision by the Appeals Council, but the request was denied on March 27, 2018. (Tr. 1-7). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 8). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 13, 14).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th

Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. See Sledge v. Astrue, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), aff'd, 364 Fed. Appx. 307 (8th Cir. 2010).

IT IS SO ORDERED AND ADJUDGED this 19th day of September, 2019.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE